

August 28, 2025

Office of the Clerk
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St., Rm. 2722
Chicago, Illinois 60604

    Re:    Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky., Inc. v. Commissioner, Ind. Dep't of Health, No. 24-2219 (argument scheduled for Sept. 9, 2025)
Response to Appellate Rule 28(j) Citation of Supplemental Authority

Dear Clerk:

Please accept this response to the notice of supplemental authority filed by the State on August 19, 2025. The State overstates the relevance of *Brandt ex rel. Brandt v. Griffin*, __ F.4th __, 2025 WL 2317546 (8th Cir. Aug. 12, 2025) (en banc).

Following *United States v. Skrmetti*, 145 S. Ct. 1816 (2025), *Brandt* rejected a challenge to an Arkansas law prohibiting the provision of certain forms of gender-affirming medical care to minors. *See* 2025 WL 2317546, at *2-9. The Eighth Circuit also rejected a First Amendment challenge to a provision of that statute forbidding a "physician or other healthcare professional" from "refer[ring]" a minor "to any healthcare professional for gender transition procedures." *Id.* at *9-11 (quotation from Ark. Code § 20-9-1502(b)). However, *Brandt* is not dispositive of this case for at least three reasons.

First, the Eighth Circuit's conclusion that a medical referral represents conduct rather than speech is wrong (*see* Br. of Appellees 25-26), although the Supreme Court may offer additional guidance on the issue in *Chiles v. Salazar*, No. 24-539, which is scheduled for argument on October 7th.

Second, *Brandt*'s holding was explicitly linked to the fact that the statute only applied to "a formal 'referral for' treatment, not merely informing patients about the availability of

procedures." 2025 WL 2317546, at *10. By contrast, the aid-or-assist statute at issue here applies to *all* speakers—not just healthcare providers—and, as the district court recognized (SA8) and the State has never disputed, prohibits the dissemination of factually accurate information wholly apart from formal medical referrals. *See* Ind. Code § 16-34-2-4.2(c). Thus, the aid-or-assist statute cannot be deemed a regulation of professional conduct no matter what.

Third, because the statutorily defined term "healthcare professional" was limited to Arkansas-licensed professionals, the statute in *Brandt* was interpreted only to "prohibit[] a healthcare professional from referring minors to healthcare professionals for procedures that the Act prohibits them from providing." 2025 WL 2317546, at *10. Here, the aid-or-assist statute was enjoined only to the extent it applies to "legal abortion practices and abortion care providers in other states." (SA22).

Thank you very much.

Very truly yours,

*/s/ Gavin M. Rose*

Gavin M. Rose
Attorney at Law


Cc (via electronic service): All ECF-registered counsel of record